**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARCOS GARIBALDO RAMIREZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL MOTORS LLC, a Delaware limited liability company, and DOES 1-10, inclusive,<br><br>Defendants. | NO.  2:25-cv-11430-KS<br><br>MEMORANDUM AND ORDER DENYING PLAINTIFF'S MOTION TO REMAND |

Before the Court is Plaintiff's Motion to Remand this matter to the California Superior Court ("Motion").  For the reasons outlined below, the Motion is DENIED.

**ALLEGATIONS OF THE COMPLAINT**

Plaintiff filed his Complaint against Defendant General Motors LLC ("Defendant") in the Superior Court for the State of California on August 1, 2025.  (Dkt. No. 1-1 (Complaint ("Compl.").)

1

Plaintiff is a "resident of Lakewood, California" and Defendant is "a limited liability company organized under the laws of the State of Delaware." (Compl. ¶¶ 2, 4.) In early January 2019, Plaintiff purchased a 2019 Chevrolet Traverse manufactured and/or distributed by Defendant (the "Vehicle"). (*Id.* ¶ 9.) Plaintiff alleges that when he purchased the Vehicle, he "received express written warranties in which Defendant undertook to preserve or maintain the utility or performance of [the Vehicle] or to provide compensation if there is a failure in utility or performance for a specified period of time." (*Id.* ¶ 11.) "During Plaintiff's ownership of the [Vehicle], the [Vehicle] manifested defects covered by Defendant's express written warranties" that "substantially impair the use, value, and/or safety of the [Vehicle]." (*Id.* ¶ 12.)

Plaintiff alleges that he delivered the Vehicle to Defendant and/or its authorized service and repair facilities for diagnosis and repair of the defects, but "Defendant and/or its authorized service and repair facilities failed to service or repair the [Vehicle] to conform to the applicable express warranties after a reasonable number of opportunities to do so," and "failed to promptly replace the [Vehicle] or make restitution to Plaintiff as required by Civil Code Section 1793.2(d)." (*Id.* ¶¶ 13-15.) Plaintiff asserts that he "has been damaged by Defendant's failure to promptly replace the [Vehicle] or make restitution as required by Civil Code section 1793.2(d)." (*Id.* ¶ 15.)

The Complaint presents causes of action against Defendant for violations of: (1) California Civil Code section 1793(d); (2) California Civil Code section 1793.2(b); (3) California Civil Code section 1793.2(a)(3); (4) breach of the implied warranty of merchantability under California Civil Code sections 17691.1 and 1794; (5) violation of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301-12 ("MMWA"); and (6) violation of the California Uniform Commercial Code. (Compl. ¶¶ 8-61.) Plaintiff seeks actual damages, restitution, a civil penalty, consequential and incidental damages, remedies authorized under California Commercial Code sections 2711, 2712, and/or 2713, as well as costs and expenses of suit, reasonable attorneys' fees pursuant to California Civil Code section 1794(d),

prejudgment interest, and "such other equitable or legal relief as the Court may deem proper." (Compl. at 8.)

## PROCEDURAL BACKGROUND

On September 4, 2025, Defendant filed an Answer to Plaintiff's Complaint in the Superior Court of the State of California for the County of Orange, asserting numerous affirmative defenses. (Dkt. No. 1-2, filed as Ex. B to the Notice of Removal.) On December 1, 2025, Defendant filed a Notice of Removal, removing the case from the Orange County Superior Court to this federal court pursuant to 28 U.S.C. §§ 1331 and 1446. (Dkt. No. 1.)

In the Notice of Removal, Defendant represents that "[i]n the last 30 days, GM, through counsel, conducted a preliminary investigation and determined that plaintiff's citizenship and the reasonable, non-speculative estimation of the amount in controversy placed at issue through Plaintiff's allegations plausibly give rise to subject matter jurisdiction under both federal question and diversity jurisdiction." (Dkt. No. 1 at 2.) Defendant contends that "GM's duty to remove under 28 U.S.C. § 1446(b) has not been triggered" because the Complaint "is ambiguous as to the amount in controversy and Plaintiff's state of citizenship." (*Id.*) Defendant maintains that removal is proper, as this federal court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 because the amount in controversy exceeds $75,000 and the lawsuit is between citizens of different states. (*Id.* at 3.)

## THE PARTIES' POSITIONS

Plaintiff argues that Defendant's removal was improper and remand is required because removability was evident on the face of the Complaint, that is, it was clear that Plaintiff was asserting a separate federal cause of action under the MMWA. (Mot. at 5-6.) Plaintiff further contends that in April 2025, as part of pre-litigation efforts to resolve this action, Plaintiff

provided Defendant and defense counsel with a copy of the Vehicle Sales Agreement and all the relevant repair orders. (*Id.* at 1.) Plaintiff also represents that after commencing this lawsuit, on October 6, 2025, Plaintiff produced a copy of the Vehicle Sales Agreement that identified the total sales price of the Vehicle. (*Id.* at 2.) Thus, Plaintiff maintains that Defendant's Notice of Removal, filed on December 1, 2025, was 88 days after the 30-day removal period prescribed by 28 U.S.C. § 1446(b)(1). (*Id.*)

Plaintiff acknowledges that the Complaint "does not allege a specific dollar amount in controversy," but contends that Plaintiff nevertheless provided Defendant sufficient information to "plausibly allege satisfaction of the jurisdictional threshold." (*Id.* at 6.) Specifically, Plaintiff contends that because the Complaint states that the damages Plaintiff seeks include: "restitution of the purchase of the Vehicle," "incidental and consequential damages," "civil penalties of two times the actual damages," and "attorneys' fees," these allegations were sufficient to alert Defendant that the jurisdictional threshold was met and therefore trigger the 30-day removal clock. (*Id.*) Plaintiff emphasizes that no particular "evidentiary submission concerning the amount in controversy" or corroborating evidence was needed because the amount in controversy was evident on the face of the Complaint. (*Id.* at 7 (citing *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014)).)

Plaintiff also points out that the caption page and Civil Case Cover Sheet filed in the California Superior Court expressly indicated that the case is "brought under the state court's unlimited jurisdiction (seeking damages above $35,000.00)." (*Id.* at 8.) Plaintiff argues that even if Defendant could not ascertain the jurisdictional amount upon service of the Complaint itself, any doubt about the amount in controversy was resolved on October 6, 2025, when Defendant received Plaintiff's initial disclosures, which identified the Vehicle's total sales price. (*Id.* at 9.) Thus, Plaintiff argues that Defendant's Notice of Removal was untimely and remand to the California Superior Court is required. (*Id.*)

4

In the Opposition, Defendant maintains that removal was timely and the exercise of federal subject matter jurisdiction here is proper.  Defendant argues that while a defendant has the burden to establish subject matter jurisdiction, Ninth Circuit precedent establishes that the "measure of that burden" is a preponderance of the evidence, and a removing party need only show that it is "more likely than not" that subject matter jurisdiction exists.  (Opp'n at 2 (*citing Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 403 (9th Cir. 1996)).)  Defendant also points to settled circuit precedent holding that a defendant can sufficiently establish proof of the amount in controversy even when "it could not be certain that plaintiff[] would recover any attorneys' fees or punitive damages." (*Id.* (citing *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007)).)  Defendant emphasizes that, here, the Complaint was deliberately ambiguous and, therefore, did not trigger the 30-day deadline for removal under 28 U.S.C. § 1446(b)(1).  (*Id.* at 6 (citing *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689 (9th Cir. 2005) and *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136 (9th Cir. 1979)).)

In his Reply, Plaintiff reiterates that Defendant failed to comply with the bright line removal deadlines in 28 U.S.C § 1446(b) and argues that Defendant attempts to "convert" the statutory deadline into a "license to remove at any point so long as Defendant can claim the Complaint was not 'determinate.'" (Reply at 1.)  Plaintiff insists that he produced the purchase agreement for the Vehicle on or about October 7, 2025, and payoff documents in early November 2025.  (*Id.*)  Plaintiff argues that these documents constituted "other paper[s]" sufficient for Defendant to ascertain the amount in controversy and trigger removal under 1446(b)(3).  (*Id.*)

Plaintiff further argues that Defendant has failed to meet its burden to establish the amount in controversy by a preponderance of the evidence because "once statutory offsets are applied, the case does not exceed $75,000[.]) (*Id.*) Plaintiff contends that Defendant's reliance on amounts based on "future loan amortization assumptions, maximum civil penalties, and unsupported fee estimates" is entirely speculative and is not sufficient to meet the $75,000

amount in controversy threshold.  According to Plaintiff, Defendant's figures merely "stack speculation on top of speculation" and, thus, remand is required.  (*Id.*)

## **LEGAL STANDARDS**

"Federal courts are courts of limited jurisdiction, defined (within constitutional bounds) by federal statute." *McNeil v. Gittere*, 150 F.4th 1205, 1207 (9th Cir. 2025) (citing *Badgerow v. Walters*, 596 U.S. 1, 7 (2022)).  Furthermore, "[s]ubject matter jurisdiction can never be forfeited or waived, and federal courts have a continuing, independent obligation to determine whether subject matter jurisdiction exists." *Mashiri v. Department of Educ.*, 724 F.3d 1028, 1031 (9th Cir. 2013).  "District courts have original jurisdiction of all civil actions arising under the Constitution laws, or treaties of the United States." 28 U.S.C. § 1331.  Removal is proper when federal courts have original jurisdiction over an action filed in state court.  28 U.S.C. § 1441(a).

Removal statutes are strictly construed against removal jurisdiction, and removal must be rejected where there is any doubt as to the right of removal.  *See Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992).  The party seeking removal has the burden of establishing federal jurisdiction.  Even where the jurisdictional standard is satisfied, federal law requires that the removal be effectuated timely.  Remand is proper when the federal court either lacks subject matter jurisdiction or there is a defect in the removal procedure.  *See* 28 U.S.C. § 1447(c).

As relevant here, 28 U.S.C. § 1446 provides alternate pathways to remove an action from state court depending on when the basis for removal becomes ascertainable by the defendant:

- "The notice of removal of a civil action or proceeding shall be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of

the initial pleading setting for the claim of relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served upon the defendant, whichever period is shorter."

28 U.S.C. § 1446(b)(1).  The statute also provides that:

- "If the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion*, order or other paper from which it may first be ascertained that the case is one which is or has become removable.*

28 U.S.C. § 1446(b)(3) (emphasis added).  When a case is removed based on diversity of citizenship, the statute states:

- removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

28 U.S.C. § 1446(c)(2)(b).

**DISCUSSION**

Here, the Motion and subsequent briefing raise two essential questions: (1) whether Defendant's Notice of Removal was timely; and (2) even if removal was timely, whether Defendant has met its burden to demonstrate that the exercise of federal subject matter

7

jurisdiction is appropriate. For the reasons outlined below, the Court concludes that the answer to both of these questions is yes.

"[T]he burden is on the party removing the case from state court to show the exercise of federal jurisdiction is appropriate." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 399 (9th Cir. 2010). Plaintiff argues that Defendant has failed to meet its burden. Plaintiff emphasizes that the face of the Complaint alleges that Plaintiff is a "resident" of California. (*See* Compl. ¶ 2.) But, Defendant responds that the Complaint does not specify that he is a "citizen" such as to make diversity jurisdiction plain on the face of the Complaint. (Mot. at 4.) The Court agrees. In response to a similar argument made in another Lemon Law action in this district, Judge Hernan D. Vera rejected this very argument, noting that "citizenship" and "residence" are not synonymous for purposes of establishing federal jurisdiction and "the bare allegation of Plaintiff's California residency was not enough to allege domicile or citizenship for diversity purposes." *Chavarin v. General Motors*, No. 2:25-cv-06852-HDV-MBK, 2025 WL 3030875, at *1 (C.D. Cal. Oct. 29, 2025). Thus, Judge Vera concluded that diversity of citizenship of the parties was not "unequivocally clear and certain" on the face of the Complaint. *Id.* at *5. This Court reaches the same conclusion here; Plaintiff's ambiguous assertion of "residency" did not trigger the 30-day removal period.

### A. The Indeterminate Allegations in the Complaint re: Damages Did Not Trigger the 30-Day Removal Period under § 1446(b)(1)

Plaintiff urges that remand is required here because Defendant's removal was untimely. Plaintiff maintains that the Complaint as initially filed: (1) plainly asserted a federal cause of action under the MMWA; and (2) stated that Plaintiff was "at all relevant times a resident of California," and that Plaintiff's production of documents evidencing the Vehicle sales contract adequately established that the amount in controversy exceeded $75,000, thus meeting the requirements for federal subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1332. (Mot.

8

at 2.)  Plaintiff contends this information was sufficient to trigger the 30-day removal clock under 28 U.S.C. § 1446(b)(1) when the Complaint was served. (*Id.*)  This argument, however, is unavailing because the Complaint was entirely indeterminate as to the amount in controversy. The Complaint, as filed, contains no information about the purchase price of the Vehicle or the cost of any alleged repairs and did not articulate any specific measure of damages that Plaintiff seeks to recover.  (Dkt. No. 1-1.)

Plaintiff concedes (as he must) that the Complaint did not specify a quantum of damages sought, but next argues that despite the Complaint being indeterminate as to the amount in controversy, when on October 6, 2025, pursuant to California Code of Civil Procedure § 871.26, Plaintiff produced to Defendant a copy of the Vehicle Sales Agreement that identified the total sales price for the Vehicle, this document constituted an "other paper" sufficient to trigger the 30-day removal period under 28 U.S.C. § 1446(b)(3), which also rendered Defendant's December 1, 2025 Notice of Removal untimely.  Plaintiff, relying on the Supreme Court's analysis in *Dart Cherokee Basin Operating Co., LLC*, 573 U.S. 81, argues that remand to California state court is required because "Defendant had sufficient information to plausibly allege satisfaction of the jurisdictional threshold, . . . ." (Mot. at 2.)  On that basis, Plaintiff argues that Defendant was required to seek removal of the action within the statutory 30-day window under 28 U.S.C. § 1446(b)(2), making Defendant's December 1, 2025 Notice of Removal untimely by 88 days.  (*Id.*)  Here, too, Plaintiff's argument misses the mark because the amount in controversy was not expressly stated in the Complaint and Plaintiff's production of the sales contract by itself also was not sufficient to trigger the section 1446 removal clock.

Here, where the Complaint is indeterminate as to the amount in controversy, Defendant looks to the remedies available under MMWA to determine whether the amount in controversy is sufficient to satisfy the federal jurisdictional threshold.  (Opp'n at 16.)  Defendant notes that on his state law claims, "Plaintiff seeks actual damages, a civil penalty of up to two times actual damages, and attorney's fees," and is entitled to additional statutory offsets based on

amendments to the Song-Beverly Act enacted by California Assembly Bill 1755. (*Id.*)[1] Because actual damages are indeterminate, the maximum amount of any civil penalties is similarly indeterminate. (*Id.* at 17.)

Defendant argues that "once actual damages are calculated, the maximum resulting civil penalties should be included in the amount in controversy," but Defendant concedes that civil penalties are, at this juncture, equally indeterminate because courts in this district have taken divergent views on the treatment of civil penalties under the Song-Beverly Act. (*Id.* at 18.) Finally, Defendant notes that while attorney's fees may be included in the amount in controversy, the Complaint is silent on any specific amount because Plaintiff "does not allege value for such fees." (*Id.*)

Defendant points to decisions in this District where judges concluded that later-served sales contracts are not "unequivocally clear and certain" enough to trigger the 30-day removal clock when various statutory deductions could not be determined with certainty. *See e.g., Rosita M. Stewart, et al., v. General Motors LLC*, No. 2:25-cv-07153-SPG-MAA, 2025 WL 284991, at *3-4 (C.D. Cal. Oct. 7, 2025); *Alejandra Arambul Watanable et al. v. General Motors, LLC*, No. 2:25-07006-SPG-E, 2025 WL 2848993 (C.D. Cal. Oct. 7, 2025); *Marcial Y. Cruz Lopez v. General Motors, LLC*, No. CV 25-06549-MFF (MAAx), 2025 WL 2629545, at *3 (C.D. Cal. Sep. 11, 2025) (concluding amount in controversy could not be determined without accounting for unpaid financing offset absent loan payment history.").

---

[1] Defendant acknowledges that district courts are split on whether to consider Song-Beverly offsets when calculating damages, but urges that Song-Beverly mileage offsets should be considered as part of the damages formula in this case, rather than as a defense, because "this case falls under the new Song-Beverly scheme" and the Complaint affirmatively "seeks 'actual damages' under the Song Beverly Act, meaning the paid and payable *minus* offsets." (*Id.* at 17 (emphasis in original; internal citation omitted).)

10

MMWA has a threshold amount in controversy of $50,000. *Kelly v. Fleetwood Enters.,* 377 F.3d 1034, 12037 (9th Cir. 2004). Defendant notes that while district courts in this Circuit differ in how they assess the amount in controversy in MMWA cases, the majority of courts strictly interpret the statute and do not include in the amount in controversy analysis amounts available under California's Song-Beverly Act, such as civil penalties. (Opp'n at 12 (*citing Critney v. Nat'l City Ford, Inc.*, 255 F. Supp. 2d 1146, 1148 (S.D. Cal. 2003)).) Defendant also argues that Plaintiff "specifically delineates two different approaches to damages: one applicable solely to his Song-Beverly claims and one applicable solely to his MMWA claims." (*Id.* at 13.) Defendant highlights that while Plaintiff alleges he pursues cancellation of the contract and a civil penalty based on his Song-Beverly claim, the Complaint is not clear as to under what sections of the MMWA he wishes to recover. (*Id.* at 13-14.) Thus, Defendant urges, because the Complaint alleges no specific dollar amounts that Plaintiff seeks to recover on his MMWA claim, "the measure of Plaintiff's damages for federal claims is indeterminate from the Complaint" and the Complaint on its face did not trigger the 30-day removal deadline under 28 U.S.C. § 1446(b)(1). (*Id.* at 14.)

The Court readily concludes that, given the indeterminate nature of the Complaint as to the amount of damages Plaintiff seeks, the deadline for Defendant to remove under 28 U.S.C. § 1446(b)(1) was not triggered and Defendant's Notice of Removal was not procedurally defective/untimely.

### B. Defendant Establishes by a Preponderance of the Evidence that the Amount in Controversy Meets the $75,000 Jurisdictional Threshold

Defendant contends that Plaintiff's Motion incorrectly equates the standard for evaluating when the thirty-day removal period begins to run under 28 U.S.C. § 1446(b) with the standard to establish the existence of federal jurisdiction. (Opp'n at 8.) Indeed, a defendant's burden to establish the proper timing of removal under 28 U.S.C. § 1446(b) is

analytically distinct from the standard of proof to support the exercise of federal subject matter jurisdiction.

A timely Notice of Removal does not, by itself, establish that the exercise of federal subject matter jurisdiction is appropriate and a removing party's notice of removal does not need to include affirmative proof of its amount-in-controversy allegation. *See Dart Cherokee Basin Operating Co., LLC*, 574 U.S. at 89. In *Dart*, the High Court held that because "§ 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure, a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," and the notice of removal need not include supporting evidentiary submissions. *Id*. Defendant must simply demonstrate by a preponderance of the evidence that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

Here, although the Complaint is indeterminate as to the amount of alleged damages Plaintiff seeks, the pleading clearly states that Plaintiff seeks three categories of damages for the state law claim: (1) actual damages; (2) a civil penalty; and (3) reasonable attorneys' fees pursuant to California Civil Code section 1794(d). (Compl. at 8.) The Ninth Circuit has emphasized that "in assessing the amount in controversy, a removing defendant is permitted to rely on 'a chain of reasoning that includes assumptions.'" *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1199 (9th Cir. 2015); and see *Arias v. Residence Inn.,* 936 F.3d 920, 927 (9th Cir. 2019) (defendant need only show "reasonable grounds" for estimated damages).

Here, in determining the potential quantum of damages, Defendant points to the purchase contract, service records, and Plaintiff's payment record. (Opp'n at 19-20.) As to "actual damages," Defendant notes that the purchase price of the Vehicle with 5 miles on the odometer was $62,476.84. (*Id.* at 19 (citing Declaration of Aubrey Kramer ("Kramer Decl."), Ex. A).) After considering the 8,911 miles on the odometer when the Vehicle was first

presented to a dealership for repair of alleged defects, Defendant calculated an "estimated mileage offset of $3,047.04." (Kramer Decl. ¶ 2, Ex. A.)  Defendant then calculates $4,840.00 in "other offsets for optional third-party contracts" and as of December 3, 2021, Plaintiff had made all scheduled payments.  Taking these amounts together, Defendant represents that "by a preponderance of the evidence, the 'actual damages' at issue here is $54,489.80." (Opp'n at 19.)

Civil penalties may be determined after an award of actual damages.  Defendant argues that because the Complaint seeks civil penalties and Plaintiff has alleged willfulness on the part of Defendant, the availability of civil penalties in addition to actual damages, are "non-speculative." (*Id.*)  Defendant maintains that the amount of civil penalties is also non-speculative, and applies the 2x times maximum civil penalties available under the law, which "brings the total damages to $166,469,40." (*Id.* at 20.)  Here, the Court finds that Defendant's "chain of reasoning" with respect to the amount in controversy is sound.  Therefore, even before including any potential award of attorneys' fees, Defendant has established by a preponderance of the evidence that the potential recovery could exceed the $75,000 jurisdictional threshold.

The MMWA also provides that a consumer who prevails in an action under the statute may recover reasonable attorney's fees.  15 U.S.C. § 2310(d)(2).  Based on prior litigation against Plaintiff's counsel, Defendant maintains that Plaintiff's counsel charges a billable rate of $450/hour "for even routine litigation work" and "has billed nearly $3000" for motions nearly identical to the instant Motion. (Opp'n at 20.)  Citing prior experience with Plaintiff's counsel in similar actions, Defendant represents that "it is reasonable to assume . . . that Plaintiff will demand at least $15,000 in attorneys fees, even if this case resolves before trial." (*Id.* (internal citation omitted).)  This figure, combined with the estimated actual damages and civil penalties, well exceeds the $75,000 amount in controversy threshold to support federal subject matter jurisdiction.  The Court, therefore, concludes that Defendant has established by a

preponderance of the evidence that the amount in controversy here satisfies the jurisdictional threshold to support removal to this Federal Court.

## CONCLUSION

For the reasons outlined above, the Court finds Defendant's removal of this action was timely and Defendant has demonstrated by a preponderance of the evidence a reasonable probability that the amount in controversy exceeds the $75,000 requirement to support federal subject matter jurisdiction.

Accordingly, the Motion to Remand is DENIED.

DATED: March 27, 2026

_____
KAREN L. STEVENSON
CHIEF UNITED STATES MAGISTRATE JUDGE

14